Ex Parte CARROLL.

No. 21,048; October 12, 1893.

34 Pac. 518.

Contempt.—A Commitment for Contempt of Court, in disobeying an order requiring the person committed to restore to the administrator of an estate in process of settlement money which he had obtained, as attorney for such administrator, by false pretenses, is void, where the judgment on which the commitment issued fails to show that he was in fact such attorney.

Petition in habeas corpus by John S. Carroll for the release of John F. Burris from custody on a commitment for contempt. Petition granted.

John S. Carroll in pro. per.

BEATTY, C. J.—This is a proceeding upon habeas corpus instituted by the petitioner, Carroll, on behalf of John F. Burris, who is alleged to be unlawfully restrained of his liberty. The return to the writ consists of nothing more than the commitment under which the prisoner is held, which recites certain proceedings on attachment for an alleged contempt of court. These recitals show that Burris obtained from the administratrix of an estate in progress of settlement in the superior court the sum of $108 by false pretenses; that he was ordered by the court to restore the money, and, failing to do so, was committed to the custody of the sheriff, to be confined in jail until he obeyed the order. The authority of the court to make such an order is rested upon the suggestion that Burris was attorney for the administratrix, and obtained the money from her by abuse of his privileges as an officer of court. It may be that a court has the power to make such an order, and enforce it against an attorney by process of contempt, but there is nothing in the return to show that Burris was an attorney for the administratrix at the time he obtained the money in question, and therefore the order appears to be void. Leave has been asked, since the hearing and submission of the case, to amend the return by showing that the complaint in the contempt proceeding alleged that Burris was attorney for the administratrix. But, even if it were proper to allow such amendment at this time, it would not cure the defect, for the judgment of the court—copied in the commitment—nowhere finds that Burris was such attorney. It speaks of him merely as one John F. Burris, i. e., as an entire stranger to the probate proceedings, and as much beyond the jurisdiction of the superior court in attachment for contempt as any other stranger. In contempt cases the facts necessary to confer jurisdiction should not only be alleged, but found, and here they are not found in any form, specific or general. The prisoner is discharged.